UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════

ENERGY BRANDS, INC. d/b/a GLACEAU,

                    Plaintiff,

        v.                                    DECISION AND ORDER
                                              09-CV-591A

DEXTER JORGENSEN,
JORGENSEN FARMS, INC.,
NOREEN JORGENSEN, WARREN JORGENSEN,
BEN BALDWIN, TIMOTHY AVERS,
AVERS MERCHANDISING GROUP, INC.,
GAEL COAKLEY, HOFFMANS TRADE GROUP LLC.

                    Defendants.

═══════════════════════════════


## INTRODUCTION

        Plaintiff Energy Brands Inc., doing business as Glaceau, commenced an

action against defendants Jorgensen Farms, Inc. ("Jorgensen Farms"), Dexter

Jorgensen ("Dexter"), Noreen Jorgensen ("Noreen"), Warren Jorgensen

("Warren"), and Ben Baldwin, all sued individually and doing business as

Jorgensen Farms and Food Waste Recycling Systems (collectively the

"Jorgensen defendants").  Plaintiff also sued Avers Merchandising Group, Inc.

and Timothy Avers (the "Avers defendants"), and Hoffmans Trade Group, LLC

and Gael Coakley (the "Hoffmans defendants").  Plaintiff, who is in the business

of manufacturing and selling beverage products including *vitaminwater*, asserts

claims for breach of contract, fraud, violations of the Lanham Act and violations of New York's General Business Law.  Plaintiff's claims arise as a result of a contract it made with Dexter, as principal for Jorgensen Farms, to remove and destroy *vitaminwater* product that had been designated as "off-spec" and no longer appropriate for sale and consumption (i.e. expired).  Plaintiff asserts that instead of destroying the expired product as agreed to in the contract, the Jorgensen defendants conspired with the Avers defendants and the Hoffmans defendants to resell the expired product to various retail stores in New York. Plaintiff commenced this action after discovering that the expired product was being resold in retail stores throughout New York and elsewhere.

The Jorgensen defendants move to dismiss the complaint for lack of personal jurisdiction and, alternatively, to transfer venue.  Additionally, defendants Noreen and Warren Jorgensen and Ben Baldwin move to dismiss various causes for failure to state a claim and all of the Jorgensen defendants move to dismiss cross-claims brought by the Avers defendants and Hoffmans defendants.

Plaintiff opposes the motions to dismiss and/or transfer venue.  The Avers and Hoffmans defendants also oppose the motions to dismiss the pending cross-claims.

For the reasons stated, Count VII of plaintiff's complaint is dismissed for failure to state a claim, and the Avers and Hoffmans defendants' cross-claims are

dismissed without prejudice.  However, the remaining motions to dismiss or transfer venue are denied in all respects.

## DISCUSSION

**I.   Motions to Dismiss for Lack of Personal Jurisdiction under Rule 12(b)(2)**

The Jorgensen defendants move to dismiss plaintiff's complaint on the ground that this Court lacks personal jurisdiction over them.  Personal jurisdiction over a defendant is determined by the law of the forum state in which the district court sits.  See  Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp., 751 F.2d 117, 120 (2d Cir. 1984).  On a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2), the plaintiff bears the burden of making a *prima  facie* showing that jurisdiction exists.  Id.  In evaluating a motion to dismiss pursuant to 12(b)(2), the Court may properly rely on pleadings and affidavits, or it may conduct a "full blown evidentiary hearing" on the issue.  See DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001) (citing Marine Midland Bank, N.A. v. Miller, 664 F.2d 889 (2d Cir. 1981)).  If the Court chooses not to conduct a full-blown evidentiary hearing, plaintiff need only make a *prima facie* showing of jurisdiction through its own affidavits and supporting materials. Id.  Eventually, the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial.  But until such a hearing is held, a *prima facie* showing suffices. Id.  In the absence of an

evidentiary hearing on the jurisdictional allegations, all pleadings and affidavits are construed in the light most favorable to plaintiff, and where doubts exist, they are resolved in the plaintiff's favor. CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 364-65 (2d Cir. 1986).

The jurisdictional analysis is a two-step inquiry. First, this Court must determine whether the plaintiff has shown that the defendants are amenable to service of process under New York law. Second, the Court must assess whether the assertion of jurisdiction comports with the requirements of constitutional due process. Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).

With regard to the first requirement, plaintiff asserts the Jorgensen defendants are subject to jurisdiction under CPLR § 301 because they are "doing business" in New York. Alternatively, plaintiff argues that the Jorgensen defendants are subject to New York's long-arm jurisdiction, CPLR § 302(a). Because plaintiff has made a *prima facie* showing that all of the Jorgensen defendants are subject to New York's long-arm jurisdiction, the Court finds it unnecessary to address whether they are also "doing business" in New York within the meaning of CPLR § 301.

New York's long-arm statute provides:

(a)     [A] court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent:

      1.     transacts any business within the state or contracts anywhere to supply goods or services in the state; or

      2.     commits a tortious act within the state . . . ; or

      3.     commits a tortious act without the state causing injury to person or property within the state . . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; . . .

N.Y CPLR § 302(a)(1)-(3).

### 1.     Jurisdiction over Jorgensen Farms and Dexter Jorgensen

With regard to Dexter Jorgensen and Jorgensen Farms, plaintiff has established a *prima facie* showing that they are subject to jurisdiction under § 302(a)(1) because they entered into a contract to perform services for a New York plaintiff in New York. Subsection (a)(1) of New York's long-arm statute

provides two alternative means for obtaining jurisdiction over an out-of-state defendant. Jurisdiction may be asserted if the out-of-state defendant "transacts business" within the state, or if he "contracts anywhere to supply goods or services within the state." A showing under either clause is sufficient to establish jurisdiction under subsection (a)(1). With regard to the "contracts anywhere" prong, the Second Circuit has explained:

> The New York Legislature added this second prong to the provision in 1979 in order to "ease the plight of New York residents seeking to obtain jurisdiction over those outside its borders who may be deemed virtually or constructively to do business in this state." Waldorf Associates, Inc. v. Neville, 141 Misc.2d 150, 533 N.Y.S.2d 182, 185 (Sup. Ct.1988). This provision captures cases where there are minimal contacts in New York, and, for example, a contract is made elsewhere for goods to be delivered or services to be performed in New York. See Report of the Law Revision Commission for 1979, Leg. Doc. No. 65, 1979 N.Y. Laws A-31, A-59 (McKinney's). Thus, even if a defendant never enters the state to negotiate one of these contracts, to complete performance or for any other reason, the second prong of § 302(a)(1) can provide long-arm jurisdiction over a defendant who has minimal contacts with the state and who has entered a contract anywhere to supply goods or services in the state. See, e.g., Island Wholesale Wood Supplies, Inc. v. Blanchard Indus., Inc., 101 A.D.2d 878, 879-80, 476 N.Y.S.2d 192 (2d Dep't 1984).

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 789 (2d Cir. 1999).

Plaintiff's allegations suffice to establish that Dexter and Jorgensen Farms are subject to jurisdiction under the "contracts anywhere" prong. Plaintiff alleges that Dexter, on behalf of Jorgensen Farms, contracted to supply services in New

York - namely, removal and destruction and/or recycling of the expired *vitaminwater* product. In furtherance of that contract, Dexter: (1) sent numerous emails, telephone calls and fax transmissions to plaintiff in New York; (2) arranged for trucks to go to plaintiff's New York facilities to pick up the expired product; and (3) conspired to redistribute that expired product back into New York despite the fact that he had promised to have it removed to South Dakota for recycling and destruction. Those acts satisfy New York's long-arm jurisdiction where, as here, the causes of action arises out of a purported breach of that contract. See Empire Beef Co., Inc. v. Meyners-Robinson Co., Inc., 248 A.D.2d 1012 (4th Dep't 1998)(holding that long-arm jurisdiction existed where plaintiff's product was "loaded onto defendant's trucks in Rochester for immediate delivery outside the State"); Kaddis Mfg. Corp. v. Gil-Bar Rubber Prods. Co., 103 A.D.2d 1010 (4th Dep't 1998) (holding that long-arm jurisdiction existed by virtue of defendant's "taking delivery of the goods in Rochester through its carrier and thereafter by returning a portion of the goods to Rochester for repair"); Cornely v. Dynamic HVAC Supply, LLC, 44 A.D. 3d 986 (2d Dep't 2007) (finding personal jurisdiction where the defendant "often sent its trucks to Mount Vernon to take delivery of materials. . . and also sold its products to other New York companies.").

Dexter Jorgensen asserts that his use of a common carrier to pick up the product from the plaintiff's facilities in New York defeats long-arm jurisdiction

where there is no allegation that he physically entered New York. Citing <u>Galgay</u> <u>v. Bulletin Co.</u>, 504 F.2d 1062, 1066 (2d Cir. 1974), he claims that the mere receipt and transportation of goods in New York by a common carrier is not sufficient to trigger personal jurisdiction under New York's long-arm statute. In <u>Galgay</u>, the Second Circuit held that long-arm jurisdiction was lacking where an out-of-state buyer purchased machinery from a New York seller and, in furtherance of that contract, the buyer sent its common carrier to New York to pick up the machinery. Although the Circuit determined that actions of the common carrier hired to cart the goods from New York to the out-of-state buyer could be imputed to the buyer under principles of agency, the Circuit also determined that long-arm jurisdiction was lacking because the "transportation [of the machinery] from New York, while a necessary link, was . . . of minor or accidental importance" and involved "a single shipment . . . of machinery in one transaction." <u>Id.</u> at 1065.

The facts of this case are readily distinguishable from <u>Galgay</u>. First, the issue in <u>Galgay</u> was whether the out-of-state buyer was "transacting business" within the meaning of § 302(a)(1). The "contracts anywhere" language that this Court is relying upon was added post-<u>Galgay</u>. As noted above, the "contracts anywhere" language was added to broaden the reach of CPLR § 302(a)(1) to the limits of the due process clause. <u>See</u> <u>Island Wholesale Wood Supplies, Inc. v.</u> <u>Blanchard Indus., Inc.</u>, 101 A.D. 2d 878 (2d Dep't 1984). In any event, the entry

8

into New York by Jorgensen's carrier was not "minor" or incidental as it was in

Galgay. Rather, the very point of the contract was for Jorgensen Farms, or its

agent, to enter into New York to remove the expired product. Such purposeful

contacts are sufficient to establish jurisdiction under § 302(a)(1).

Dexter and Jorgensen Farms are also subject to jurisdiction under §

302(a)(2), which provides that an out-of-state defendant is subject to New York's

long-arm jurisdiction when it commits a tortuous act within the state. Plaintiff

alleges that, rather than removing the expired product as agreed to under the

contract, defendants arranged for it to be redistributed back into New York stores,

thereby damaging its goodwill with its New York customers. A trademark

infringement tort occurs at the location where the offending product is purchased.

See Roberts-Gordon, LLC v. Superior Radiant Prods., 85 F. Supp. 2d 202, 213

(W.D.N.Y. 2000); Lipton v. The Nature Company, 781 F. Supp. 1032, 1035

(S.D.N.Y.1992) (same with regard to copyright infringement). Plaintiff's

allegations that Dexter and Jorgensen Farms conspired with third parties to

purposefully redistribute the infringing product back into New York stores are

sufficient to establish a *prima facie* case of personal jurisdiction under CPLR §

302(a)(2). See, e.g., Pecoware Co. v. Posh Int'l., Ltd., 2004 WL 210634, at *1

(S.D.N.Y. Feb. 4, 2004) (holding that the sale of even "a small amount of

allegedly infringing goods to one or more buyers in New York" was sufficient to

satisfy 302(a)(2)).[1]  Plaintiff's allegations that the defendants purposefully redistributed the expired product back into New York State satisfies the requirements of CPLR § 302(a)(2).


### 2.    *Jurisdiction over Noreen Jorgensen, Warren Jorgensen and Ben Baldwin*

As to defendants Noreen Jorgensen, Warren Jorgensen, and Ben Baldwin, plaintiff asserts that all three are liable as partners or joint venturers of Jorgensen Farms.  "A Court obtains personal jurisdiction over a defendant regardless of whether it is the defendant himself who transacts business within the state or whether it is the defendant's partner or co-venturer who transacts business within the state."  See Stone v. Patchett, No. 08-cv-5171(RPP), 2009 WL 1108596 (S.D.N.Y. Apr. 23, 2009) (citing CPLR § 302(a), which provides for jurisdiction over anyone who, "in person or through an agent . . .. transacts business within the state"); see also CutCo Indus., 806 F.2d at 366 (holding that "joint participation in a partnership or joint venture establishes 'control' sufficient to make each partner or joint venturer an agent of the others"); Pennie & Edmonds v. Austad Co., 681 F. Supp. 1074, 1077-78 (S.D.N.Y. 1988) (explaining that,

---

[1]  In light of the foregoing, the Court finds it unnecessary to determine whether subsection (a)(3) provides yet another basis for obtaining long-arm jurisdiction over Dexter and Jorgensen Farms.

under New York law, "purposeful activity" within New York by an agent or joint-venturer of the non-domiciliary is sufficient to establish personal jurisdiction).

At this juncture, plaintiff has provided sufficient evidence to make *a prima facie* showing that Noreen Jorgensen, Warren Jorgensen and Ben Baldwin were joint venturers with Dexter in Jorgensen Farms. According to plaintiff, Dexter Jorgensen represented that Jorgensen Farms was a "family owned farm" that was started by his father. Warren Jorgensen is Dexter's father. Noreen Jorgensen is Dexter's wife. Plaintiff provided evidence showing that the official address for Jorgensen Farms lies on property owned by Dexter and Noreen. However, the actual recycling operations of Jorgensen Farms are located across the street, on property owned by Warren Jorgensen. Additionally, post-motion discovery yielded email correspondence and other evidence suggesting that both Noreen and Ben Baldwin are involved in the operation of Jorgensen Farms, in direct contradiction to their affidavits. See Dkt. No. 76, Exhs. D and E. Moreover, the names of Dexter, Noreen and Ben Baldwin all appear on Jorgensen Farms' letterhead sent to plaintiff, thus suggesting a financial interest, ownership and control in that enterprise.

In sum, plaintiff's allegations, supported by the post-discovery evidence, satisfy plaintiff's *prima facie* burden of demonstrating that Ben Baldwin, Dexter, Noreen and Warren Jorgensen are co-venturers in Jorgensen Farms and jurisdiction over them is therefore proper under CPLR § 302(a)(1) and (2).

### 3. *Due Process Considerations*

Having determined that long-arm jurisdiction applies, the Court must also determine whether subjecting the Jorgensen defendants to jurisdiction here comports with due process principles. The Court finds that it does. Due process is satisfied where a defendant took some action that "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and the protection of its laws.'" See A.I. Trade Finance, Inc. v. Perta Bank, 989 F.2d 76, 82 (2d Cir. 1993)(quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). For the reasons stated, the Court finds that the Jorgensen Farms, through Dexter, purposefully availed itself of the privilege of doing business in New York with a New York company. Likewise, the assertion of jurisdiction over Noreen, Warren and Ben Baldwin, as purported principals in that joint venture and co-conspirators in a scheme to redistribute the *vitaminwater* back into New York, does not offend "traditional concept[s] of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945).

Accordingly, the motions to dismiss the Jorgensen defendants for lack of personal jurisdiction are denied.

## II.   Motion to dismiss for Failure to State a Claim

The Jorgensen defendants have also moved to dismiss various claims for failure to state a claim under Rule 12(b)(6).   In ruling on a Rule 12(b)(6) motion, a court is required to accept the material facts alleged in the complaint as true. See Cohen v. Koenig, 25 F.3d 1168, 1171-72 (2d Cir. 1994).   The task of a court in ruling on a Rule 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."   Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998).

 To survive a motion to dismiss, a complaint must meet a "plausibility standard" as articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Court explained that the pleading standard set forth in Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 55 U.S. at 555).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id.  Nor do "naked assertion[s]" devoid of "further factual enhancement" suffice under Rule 8.  Id.   Accordingly, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

***1.   As to Claims against Noreen Joregensen, Warren Jorgensen***

***and Ben Baldwin***

In addition to moving to dismiss for lack of personal jurisdiction, Noreen

and Warren Jorgensen and Ben Baldwin all move to dismiss the claims against

them on the ground that there are insufficient facts to support a claim of liability.

In other words, they assert that any harm caused to plaintiff was done by Dexter

Jorgensen, not by his wife (Noreen), father (Warren) and friend (Ben Baldwin).

These motions are denied for the same reason that the § 12(b)(2) motions

are denied.  As stated above, the complaint provides sufficient assertions to

plausibly state a claim against Noreen, Warren and Ben Baldwin as joint

venturers in the Jorgensen Farms enterprise.  Under New York law:

> The indicia of the existence of a joint venture are: acts manifesting
> the intent of the parties to be associated as joint venturers, mutual
> contribution to the joint undertaking through a combination of
> property, financial resources, effort, skill or knowledge, a measure of
> joint proprietorship and control over the enterprise, and a provision
> for the sharing of profits and losses.

See Brown v. Cara, 420 F.3d 148, 159-60 (2d Cir. 2005) (quotation omitted); see

also SCS Commc'ns, Inc., v. Herrick Co., Inc., 360 F.3d 329, 341 (2d. Cir. 2004).

The complaint alleges that all of the Jorgensen defendants are principals in

Jorgensen Farms, that Dexter entered into an agreement with plaintiff on behalf

of Jorgensen Farms and the other Jorgensen defendants, and that the Jorgensen

defendants breached their commitments under that agreement when they provided false certificates of destruction for the expired *vitiaminwater* and instead arranged for the product to be resold into New York stores. As noted, the names of Ben Baldwin, Dexter and Noreen all appear on Jorgensen Farms' letterhead thus suggesting that they have a financial interest and control over that enterprise, and Warren is alleged to own the property on which Jorgensen Farms' recycling operations sit. While each defendants' role in the purported joint venture remains to be seen after discovery, the allegations in the complaint are sufficient to state a claim for liability against each of the Jorgensen defendants under a joint venture theory.

Additionally, the complaint adequately alleges that the Jorgensen defendants were part of a conspiracy to distribute the expired *vitaminwater* back into New York, in violation of their contractual obligations and the Lanham Act. If that conspiracy is proven, the acts of each co-conspirator will be attributable to all members of the conspiracy.

Therefore, the motions to dismiss for failure to adequately assert claims against Noreen and Warren Jorgensen and Ben Baldwin are denied.

### 2. Motions for Dismissal of Count VII and Partial Dismissal of Count V

The Jorgensen defendants move to dismiss Count VII of plaintiff's

complaint which asserts a claim for intentional interference with a contract, and partial dismissal of Count V to the extent that it seeks injunctive relief under § 360-L of New York's General Business Law. With regard to the latter, the motion for partial dismissal of Count V is denied. Count V alleges deceptive business practices under § 349 of New York's General Business Law, and seeks damages under § 349 and injunctive relief under § 360-L. Since the § 360-L relates only to a remedy, and not the underlying claim itself, the Court finds it unnecessary to address the issue of whether part of the remedy (as opposed to the claim) is now moot. That issue can be addressed at a later point in the litigation.

With regard to Count VII, however, the Court agrees that the complaint fails to state a claim for intentional interference with a contract. To prove intentional interference with a contract under New York law, a party is required to prove: (1) the existence of a valid contract, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procurement of the breach of that contract, and (4) damages caused by the breach. See Excellus Health Plan, Inc. v. Tran, 287 F. Supp. 2d 167, 176 (W.D.N.Y. 2003). Although plaintiff alleges in its complaint that it had exclusive contracts with authorized resellers of its vitaminwater, and that the defendants' actions interfered with those exclusive contracts, plaintiff has failed to allege any facts showing that the defendants were aware of those exclusive contracts and, despite that knowledge, defendants took some action to intentionally procure a breach of those contracts. Absent such allegations, Count

16

VII fails to state a claim for intentional interference with a contract and must be dismissed.  However, to the extent that plaintiff is aware of facts to support each of those absent elements, plaintiff is granted leave to replead Count VII within 30 days of this Order.

### 3.    *Motions for Dismissal of Cross-Claims*

The Avers and Hoffmans defendants have brought two nearly identical cross-claims against the Jorgensen defendants for contribution and indemnification. The Jorgensen defendants move to dismiss those cross-claims, asserting that the cross-claims fail to comply with the pleading standards set forth in Rule 8(a).

As to the cross-claims, the Court finds that the conclusory allegations set forth by the Avers and Hoffmans defendants are simply insufficient to meet Rule 8 pleading standards.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Iqbal, 129 S. Ct. at 1950.  Here, the cross-claims are devoid of any factual assertions and merely state that if the Avers or Hoffmans defendants are found liable to plaintiff, the Jorgensen defendants are liable to the Avers and/or Hoffmans defendants under a theory of contribution or indemnification.  The Avers and Hoffmans defendants fail to set forth actions taken by the Jorgensen defendants that would give rise to a claim of indemnification and/or contribution.  Such bare bones conclusory

allegations of liability are insufficient to meet Rule 8 pleading requirements post-

Iqbal.  Accordingly, the cross-claims brought by the Avers defendants and the

Hoffmans defendants against the Jorgensen defendants are dismissed.

However, as with Count VII above, the Court will grant dismissal without prejudice

with leave to replead those cross-claims within 30 days of this Order.


### III.     Motion to Transfer Venue to South Dakota

Alternatively, the Jorgensen defendants request that this Court transfer

venue to the District of South Dakota pursuant to 28 U.S.C. § 1404(b).  Under

that provision, this Court may exercise its discretion to transfer venue "for the

convenience of parties and witnesses, in the interest of justice."  28 U.S.C. §

1404(a).  Among the factors to be considered in determining whether to grant a

motion to transfer venue are, *inter alia*: (1) the plaintiff's choice of forum, (2) the

convenience of witnesses, (3) the location of relevant documents and relative

ease of access to sources of proof, (4) the convenience of parties, (5) the locus of

operative facts, (6) the availability of process to compel the attendance of

unwilling witnesses, and (7) the relative means of the parties."  D.H. Blair & Co.,

Inc. v. Gottdiener, 462 F.3d 95, 105 (2d Cir. 2006).  To prevail on their motion to

transfer venue, the defendants "must demonstrate that an adequate alternative

forum exists and that . . .  the balance of convenience tilts strongly in favor of trial

in the foreign forum."  R. Maganlal & Co. v. M.G. Chemical Co., 942 F.2d 164,

167 (2d Cir. 1991). A party requesting transfer of venue "carries the 'burden of making out a strong case for transfer,'" by clear and convincing evidence. <u>New York Marine and General Ins. Co. v. Lafarge North America, Inc.,</u> 599 F.3d 102, 113-14 (2d cir. 2010). Ordinarily, plaintiff's choice of forum should not be disturbed unless the balance of factors weigh heavily in defendant's favor.

The defendant has failed to meet that burden. As plaintiff points out, there is no one single venue in which all parties reside. Plaintiff is in New York, as are the Hoffmans defendants. The Jorgensen defendants reside in South Dakota, and the Avers defendants are in Illinois. The contract at issue was to be performed, at least in part, in New York, when the product was removed, thus making venue proper here. Similarly, as to the Lanham Act claims, venue is also proper in New York because that is where the product was allegedly redistributed and passed off as saleable. At least some of the witnesses reside in New York as that is where the product was removed and then later redistributed. How that happened remains to be seen. However, since it is unknown whether any of the product ever made its way to South Dakota in the first place, it is unknown whether any non-defendant witnesses are located in South Dakota.

In sum, upon review of the relevant factors and after according plaintiff's choice of forum the proper weight, the Court finds that plaintiffs have failed to meet their burden of making out a strong case for transfer. Accordingly, the motion to transfer is denied.

## CONCLUSION

For the reasons stated, the Jorgensen defendants' motion to dismiss Count VII is **granted,** but the motions to dismiss for lack of jurisdiction, for failure to state a claim and/or to change venue (Dkt. Nos. 39, 56, 57) are **denied** in all other respects; and the motions to dismiss the cross-claims asserted by the Avers and Hoffmans defendants are **granted** (Dkt. Nos. 41, 52 and 72).  **Count VII of the complaint and cross-claims brought by the Avers defendants and the Hoffmans defendants are dismissed, without prejudice to reassert those claims on or before February 24, 2011.**   Plaintiff's motion for jurisdictional discovery (Dkt. 61) is denied as moot.


SO ORDERED.


s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 24   , 2011